**CONSOLIDATED FREIGHTWAYS COR-PORATION OF DELAWARE,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant,
and
**Interstate Commerce Commission,**
Intervening Defendant.

**Civ. A. No. 39237.**

United States District Court
N. D. California, S. D.
March 6, 1961.

William B. Adams, Portland, Or., Eugene T. Liipfert, Menlo Park, Cal., for plaintiff.

Robert A. Bicks, Asst. Atty. Gen., Laurence E. Dayton, U. S. Atty., San Francisco, Cal., John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., for the United States.

Robert W. Ginnane, General Counsel, Washington, D. C., Francis A. Silver, Associate General Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before JERTBERG, Circuit Judge, GOODMAN, Chief Judge, and LLOYD H. BURKE, District Judge.

PER CURIAM.

Plaintiff holds so-called "grandfather" certificates issued by respondent Commission on November 26, 1947 and September 7, 1943 authorizing the transportation of "general commodities, except liquid petroleum products in bulk, in tank trucks", over specified routes.

On July 31, 1957 plaintiff sought from the respondent Commission an order for clarification of its present authority to transport petroleum based *chemicals* in tank vehicles over its authorized routes. The clarification sought was a determination that petro-chemicals are *not* "petroleum products". Plaintiff had been transporting petroleum chemicals under the claimed authority of its certificates. The application of July 31, 1957 sought to resolve doubts as to whether the plaintiff's transportation of petroleum chemicals was lawful under the certificates.

Upon the hearing of this application plaintiff offered evidence to support its claimed right to transport such chemicals on the ground that they were not considered by the parties to be "petroleum products" at the time of the issuance of the "grandfather" certificates. The Commission rejected this evidence upon the ground that it was immaterial on the question of clarification tendered but that it would be material if modification or amendment of the original certificates were sought. The Commission denied plaintiff's application but its finding was "without prejudice to the filing of a petition for modification of the 'grandfather' certificates".

The record shows that the Commission has not since its decision (July 27, 1959) issued any order requiring plaintiff to desist and refrain from the transportation of the chemicals.

We now have before us a petition of the plaintiff for interlocutory and permanent injunction, and for a decree setting aside and annulling the Commission's order of July 27, 1959.

We are of the opinion that the order of the Commission under attack is not such an order as is reviewable by this Court in the present state of the record. The Commission has not, nor does it threaten to issue a desist order against plaintiff. Its decision specifically leaves the door open for further proceedings by plaintiff to obtain relief in a proceeding to modify the "grandfather" certificates. Thus there is no irreparable injury presently threatened which bespeaks the Court's equitable jurisdiction. Plaintiff has not yet exhausted the clear administrative remedy still open to it. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484; Federal

Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 499, 76 S.Ct. 467, 99 L.Ed. 583.

For its guidance, it is our view that the Commission should admit the rejected evidence before making any order respecting the authority of plaintiff under its certificates.

The petition is dismissed.